**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Albert Burruel, Jr.,<br><br>                Defendant. | No. CR-18-01142-001-TUC-RCC (LAB)<br><br>**ORDER** |

      On 12/15/21 the Government filed a petition for warrant to revoke supervised release. (Doc. 77) The sole allegation in the petition refers to special condition #5 which requires the defendant to reside at and participate in a residential reentry center and follow all rules and regulations. An evidentiary hearing was conducted on 2/17/22 before Magistrate Judge Leslie A. Bowman.

      Senior U.S. Probation Officer Mendi Leigh testified that on 12/2/21 the assistant program director of Dismas Charities contacted her to report that the defendant was unsuccessfully discharged from the program for threatening acts of sexual violence toward an autistic male resident and exposing his genitalia to another male resident.

      Defendant Albert Burruel, Jr. testified that on 12/2/21 he was preparing to go to work when he was told not to leave because his probation officer was coming to have some papers signed. Three hours later Mr. Burruel was called to the office where a deputy USM was waiting with an arrest warrant. When Mr. Burruel asked why he was being arrested he was told to ask his probation officer. Mr. Burruel asked Matt Farrell, of

Dismas Charities, why he was being removed from the halfway house. He was told to ask his probation officer. Mr. Burruel did not know why he had been removed from Dismas until his attorney showed him the petition at Initial Appearances. Mr. Burruel testified that he has no information regarding an autistic male resident, he made no threats and did not expose his genitalia.

The government argued that the removal from Dismas was the violation regardless of how the determination was reached. Dismas has the authority to decide that rules were broken. The defendant responded that he was entitled to some notice and some due process before removal. Both parties agreed that removal could not be completely arbitrary, but they could not agree on the standard.

At the end of the evidentiary hearing the parties were asked to file memoranda of law. The defendant filed his on 2/24/22. (Doc. 85) The government filed a response on 2/28/22, (Doc. 86) The Court has set this for further evidentiary hearing on 3/16/22 from 10:00 am to 11:00 am before Magistrate Judge Leslie A. Bowman in courtroom 5C to allow the government to present evidence that the defendant violated the condition by failing to follow all rules and regulations, which led to his removal.

Dated this 4th day of March, 2022.

_Leslie A. Bowman_
Honorable Leslie A. Bowman
United States Magistrate Judge